UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

```
STEVE'S GUN SHOP, INC., d/b/a        )
BIFF'S GUN WORLD                     )
12706 DIXIE HIGHWAY                  )
LOUISVILLE, Kentucky 40272           )
                                     )
AND                                  )
                                     )
STEVEN L. SUMNER                     )
690-B RITCHEY LANE                   )
WEST POINT, KENTUCKY 40177           )
                         PLAINTIFFS  )
v.                                   ) Civil Action No. 3:12CV696-H
                                     )
LOUISVILLE METRO POLICE DEPARTMENT   )
SERVE: CHIEF STEVE CONRAD            )
633 W. JEFFERSON STREET              )
LOUISVILLE, KENTUCKY 40202           )
                                     )
LOUISVILLE/JEFFERSON COUNTY          )
METRO GOVERNMENT                     )
SERVE: MIKE O'CONNELL                )
JEFFERSON COUNTY ATTORNEY            )
531 COURT PLACE, SUITE 900           )
LOUISVILLE, KENTUCKY 40202           )
                                     )
ROBERT C. WHITE                      )
DENVER POLICE HEADQUARTERS           )
POLICE ADMINISTRATION BUILDING       )
1331 CHEROKEE STREET                 )
DENVER, CO 80204-4507                )
                                     )
KIM KRAESZIG,                        )
1340 SOUTH 4TH STREET                )
LOUISVILLE, KY 40208                 )
                                     )
UNKNOWN NAMED LIEUTENANT, 4TH DIVISION )
1340 SOUTH 4TH STREET                )
LOUISVILLE, KY 40208                 )
                                     )
DONALD F. BURBRINK                   )
1340 SOUTH 4TH STREET                )
LOUISVILLE, KY 40208                 )
                                     )
KEVIN C. PEAK                        )
1340 SOUTH 4TH STREET                )
LOUISVILLE, KY 40208                 )
```

FILED
SEP 19 2012
VANESSA L. ARMSTRONG
BY _____ DEPUTY CLERK

```
WILLIAM CLAXON                          )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY 40208                    )
                                        )
AUSTIN BOONE                            )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY 40208                    )
                                        )
D. HALL                                 )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY 40208                    )
                                        )
M. ROBERSON                             )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY 40208                    )
                                        )
S. McCONNELL, OFFICER OF                )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY 40208                    )
                                        )
MARK GRANHOLM                           )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY 40208                    )
                                        )
R. CARPENTER                            )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY 40208                    )
                                        )
UNKNOWN OFFICERS OF THE                 )
LOUISVILLE METRO POLICE DEPARTMENT      )
1340 SOUTH 4TH STREET                   )
LOUISVILLE, KY  40208                   )
                      DEFENDANTS        )
```

## VERIFIED COMPLAINT

\*\*\* \*\*\* \*\*\*

Come Now Steve's Gun Shop, Inc., d/b/a Biff's Gun World and Steven L. Sumner, the plaintiffs, by counsel and for their causes of action state as follows:

### NATURE OF THE ACTION

1. This is an action pursuant to provisions of Title 42

United states Code ("U.S.C.") § 1983, et seq., Kentucky Constitution and Common Law, against the Jefferson County, Louisville Metro Police Department and its officers individually, and in their official capacities. Defendants, acting under the color of state authority, consciously and deliberately conspired to and did violate plaintiffs' constitutional rights by unreasonable search and seizure of plaintiffs' properties and without a valid warrant and/or plaintiff's consent. Plaintiffs are seeking the redress of violation of their rights for expansive and unlawful search and seizure, return of their property, unlawful interference with plaintiff's business operation, conspiracy and conversion of their property and intentional infliction of emotional distress, all of which are more fully averred below.

## PARTIES

2.  The plaintiff, Steve's Gun Shop, Inc., d/b/a Biff's Gun World ("BGW") is a corporation organized under the laws of Commonwealth of Kentucky, and is treated as an "S" corporation pursuant to the Internal Revenue Code, Title 26 U.S.C. § 1362. BGW's principle place of business is located at 12706 Dixie Highway, Louisville, Jefferson County Kentucky 40272. BGW is licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives of the U.S. Department of Justice as a dealer in firearms as defined by Title 18 U.S.C. §§ 921(a)(11).

Accordingly, as defined by Title 18 U.S.C. § 921(a)(21)( C), BGW has devoted time, attention, and labor to dealing in firearms as a regular course of lawful business of an enterprise; and with the principle objective of livelihood and profit through the lawful sales of firearms and ammunition.

3. The plaintiff Steven L. Sumner ("Sumner") is a Kentucky citizen, a resident of Bullitt County Kentucky and the sole officer of BGW. Sumner is also the BGW's Responsible Person as described by Title 27 C.F.R. § 478.47(b)(2), who has the power to direct or cause direction of the management and policies of BGW.

4. Plaintiffs, BGW and Sumner at all times herein, were and still are within the jurisdiction of this Court; and hereinafter, are collectively referred to as "plaintiff," (singular noun).

5. Defendant Louisville Metro Police Department ("LMPD") is and was at all times relevant hereto an agency of Louisville Metro Government.

6. Defendant Louisville/Jefferson County Metro Government ("LMG") is and was at all times relevant hereto a consolidated urban-county government duly organized under Kentucky law and, as such, was and is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of the defendant officers of the LMPD.

7. Defendant Robert C. White ("White") is the former Chief of LMPD and was at all times relevant hereto the chief of the Louisville Metro Police Department and was responsible for the promulgation and implementation of policies, procedures and practices within the LMPD.

8. Defendant Kim Kraeszig ("Kraeszig"), at all times relevant hereto was and still is the Commander of 4th Division of LMPD, and responsible for the promulgation and implementation of policies, procedures and practices within the 4th Division of LMPD; she was also responsible for supervising the defendant officers of the LMPD.

9. Defendant Unknown Lieutenant, at all times relevant hereto was the Watch-Lieutenant of the 4th Division of LMPD, and responsible for supervising the defendant officers, and for the promulgation and implementation of policies, procedures and practices within the 4th Division of LMPD.

10. Defendant Donald F. Burbrink ("Burbrink") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

11. Defendant Kevin C. Peak ("Peak") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

12. Defendant William Claxon ("Claxon") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

13. Defendant Austin Boone ("Boone") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

14. Defendant D. Hall ("Hall") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

15. Defendant M. Roberson ("Roberson") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

16. Defendant S. McConnell ("McConnell") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

17. Defendant Mark C. Granholm ("Granholm") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

18. Defendant R. Carpenter ("Carpenter") at all times mentioned herein, was a resident of Jefferson County, and a public employee of LMPD.

19. Defendants Unknown officers of LMPD ("Unknown Defendants") at all times mentioned herein, were public employees of LMPD and LMG. The true names and/or capacities of the Unknown Officers are unknown to the plaintiff at this time. Therefore, plaintiff names said defendants by such fictitious names, and when the true names and capacities of said defendants have been ascertained, plaintiff will amend the Complaint to reflect the

true and correct names of the Unknown Defendants.

20. Plaintiff is informed and believes, and therefore alleges, that at all times mentioned herein, all the defendants identified herein were acting under the color of law and subject to jurisdiction of this Court; the public employee defendants identified herein, are named defendants individually and also in their official capacities; and are subject to jurisdiction of this Court.

## JURISDICTION

21. The jurisdiction of this Court is found in the Article III, § 2 of the United States Constitution and in Title 28 U.S.C. § 1331 and/or § 1343, where this controversy is rising under the Constitution and laws of the United States; and supplemental jurisdiction over state claims pursuant Title 28 U.S.C. § 1367

## VENUE

22. Pursuant to provisions of the Title 28 U.S.C. §§ 1391(b) and ( C), and because where majority of defendants in this action reside, and because substantial part of the events or omissions giving rise to the claims occurred in Jefferson County, Kentucky, the venue for this action is proper in this Court.

## FACTS COMMON TO ALL COUNTS

23. Each an every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment and allegation of this

-7-

Complaint.

24. Each plaintiff was deprived of an interest protected by the Constitution or laws of the United States, and defendants caused any such depravation while acting under color of state law.

25. Defendants LMG, LMPD, White, Kraeszig and Unknown Lieutenant have maintained or permitted an official policy, custom or practice of causing or permitting the occurrence of the types of harms set forth hereinafter knowingly, with gross negligence, or with deliberate indifference and, based on the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989), are liable for all injuries sustained by any plaintiff as set forth herein below.

FACTUAL ALLEGATIONS

26. On or about October 20, 2011, around 11:00 a.m., defendant Claxon wearing a pair of camouflage long shorts and a baseball hat worn backward entered the premisses of BGW and demanded to see the Firearms Transaction Records of BGW with Joshua L. Dooley ("Dooley"). The subject records are required to be maintained by Federal Firearms Licensees pursuant to Title 27 Code of Federal Regulations ("CFR") § 478.125.

27. An employee of BGW asked Claxon whether the demand was pursuant to a warrant, at which time Claxon made a telephone call

on his cellular phone. After completing his call, Claxon blocked customers of BGW from entering the premises for shopping. Claxon also prevented BGW customers who were at the BGW from leaving with their purchased merchandise.

28. Defendant Claxon never asked to talk to Sumner who is the Responsible Person of BGW pursuant to provisions of Title 27 C.F.R. § 478.47(b)(2).

29. Another BGW employee called the company's counsel whom subsequently was put through the phone with Claxon. Claxon told BGW's counsel that he was looking for serial numbers of firearms involved in transactions with Dooley. The firm's counsel informed Claxon that BGW would provide the said information, however, Claxon said that it was out of his control and he was following his Sargent's orders to not allow anyone in the store or leave with merchandise until a team of officers arrive. Causing substantial loss of business and economic harms to plaintiff.

30. Thereafter, uniformed Unknown Defendants of LMPD who arrived at BGW location prevented BGW's customers to even park on in its parking.

31. Plaintiff is informed and believes, and therefore alleges, that defendants Peak, Claxon, Boone, Hall, Roberson, McConnell, Granholm, Carpenter and Unknown Defendants were conducting a search of BGW without a warrant.

32. When Sumner who is the Responsible Person of the BGW

-9-

arrived at the premises defendants prevented Sumner from entering the premises of BGW.

33. Plaintiff objected and never consented to the search and seizure of it's property.

34. Plaintiff is informed and believes, and therefore alleges, that defendant Burbrink illegally obtained a warrant for the search of plaintiff's property in reliance upon an affidavit which did not supply probable cause to search plaintiff's property by misleading the issuing Judge.

35. Plaintiff is informed and believes, and therefore alleges, that Burbrink under color of state law and to satisfy his own ego and to harass and to cause substantial economic harms to plaintiff, refused to accept the information from plaintiff and instead proceeded to obtain the warrant for unlawful purposes.

36. When Burbrink arrived at BGW with the warrant, the search was already in progress.

37. The warrant was presented to BGW's counsel long after the search had begun. The warrant states that based on Burbrink's affidavit "there is probable and reasonable cause for issuance of this Search Warrant as set out in the affidavit *attached hereto and made a part hereof* as if fully set forth herein."

38. Plaintiff is informed and believes, and therefore

alleges, that Burbrink had purposely and deliberately removed the affidavit from the warrant.

39. Plaintiff is informed and believes, and therefore alleges, that the warrant was overly broad and did not describe the items to be seized with sufficient particularity, and the affidavit incorporated by reference had deliberately been removed by Burbrink, the affidavit from which particularity might have been determined.

40. Plaintiff is informed and believes, and therefore alleges, that defendants Burbrink, Peak, Claxon, Boone, Hall, Roberson, McConnell, Granholm, Carpenter and Unknown Defendants unlawfully conducted a broad search of plaintiff's property, they entered area that contained parts only. Defendants were observed rummaging through parts bins containing small parts such as pins, screws, springs and sights.

41. Plaintiff is informed and believes, and therefore alleges, that on October 20, 2011, all the defendants by conducting a wide search caused the violation of plaintiff's Constitutional rights, and/or were integrally involved in the aforesaid violations of plaintiff's rights.

42. Defendant Peak briefly left BGW's premisses and returned with another warrant that stated that based on Peak's affidavit "there is probable and reasonable cause for issuance of this Search Warrant as set out in the affidavit *attached hereto*

*and made a part hereof* as if fully set forth herein."

43. Plaintiff is informed and believes, and therefore alleges, that defendant Peak illegally obtained a warrant for the search of plaintiff's property in reliance upon an affidavit which did not supply probable cause to search plaintiff's property by misleading the issuing Judge.

44. Plaintiff is informed and believes, and therefore alleges, that Peak had purposely and deliberately removed the affidavit from the warrant.

45. Plaintiff is informed and believes, and therefore alleges, that the second warrant was also overly broad and did not describe the items to be seized with sufficient particularity, and the affidavit incorporated by reference had deliberately been removed by Peak, the affidavit from which particularity might have been determined.

46. When plaintiff's counsel asked Burbrink and Peak for the missing affidavits that had been incorporated in the warrants by reference, Burbrink told plaintiff's counsel in a highly condescending tone that "we never serve the affidavits with warrants, you should know that."

47. Plaintiff is informed and believes, and therefore alleges, that defendants Burbrink, Peak, Claxon, Boone, Hall, Roberson, McConnell, Granholm, Carpenter and Unknown Defendants unlawfully continued conducting their broad search of plaintiff's

property, they entered areas that contained no firearms and/or records loosely identified in the warrants.

48. Defendants seized the BGW's Firearms Acquisition and Disposition Record containing names of BGW's customers the type of firearms purchased, the record that far exceeded the scope of either warrants. BGW's customers' have a strong interest in protecting their information. In fact, the U.S. Congress enacted the Firearms Owners' Protection Act to specifically prohibit the federal and state governments from recording and/or transferring any portion of the contents of records seized by the defendants, to facility/controlled/managed and/or owned by the government. Title 18 U.S.C. § 626(a).

49. As of the date of filing of this Complaint, the records have not been returned to BGW.

50. Plaintiff is informed and believes, and therefore alleges, that defendants removed BGW's Firearms Acquisition and Disposition Record to develop and to establish a system of registration of firearms, firearms owners, or firearms transactions, that violate the provisions of the Firearms Owners' Protection Act.

## COUNT ONE
### SEARCH & SEIZURE WITHOUT A VALID WARRANT OR PROBABLE CAUSE

51. Plaintiff is informed and believes, and therefore alleges, that the conduct of each defendant violated the rights

of each plaintiff to be secure in home, person, and effects against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution and entitles each plaintiff to recover damages pursuant to Title 42 United States Code § 1983. The conduct of the defendants which violated plaintiff's rights included a conspiracy by one or more of the defendants to violate plaintiff's Fourth Amendment rights.

COUNT ONE
DUE PROCESS

52. Plaintiff is informed and believes, and therefore alleges, that the conduct of each defendant violated the rights of each plaintiff to due process of law as guaranteed by the Fourteenth Amendments to the U.S. Constitution and entitles each plaintiff to recover damages pursuant to Title 42 United States Code § 1983. The due process violations include defendants' violations of those provisions of state laws alleged here in; concealing the facts of the incident; creating or causing to be created false and misleading official reports/affidavits concerning the incident; all with the purpose and effect of impairing and diminishing plaintiff's ability to seek redress of grievances against them and to recover damages for the wrongs committed against them by the defendants. The conduct of the defendants which violated plaintiff's rights included a conspiracy by one or more of the defendants to violate plaintiff's Fourteenth Amendment rights.

## COUNT THREE
## DUE PROCESS

53. The conduct of each defendant in obtaining warrants without probable cause and conducting expansive search and seizure of plaintiff's property, and in doing or failing to prevent other wrongful acts alleged herein, was done as a result of the negligence of all defendants. The LMG is liable for the negligence of its employees, including each of the defendants named herein.

## COUNT FOUR
## CONSPIRACY

54. Plaintiff is informed and believes, and therefore alleges, that all defendants conspired with one another for the purpose and with the intent to violate the rights of plaintiff, as alleged herein; said defendants engaged in such conspiracy with the intention to rive plaintiff's rights.

**WHEREFORE**, plaintiff prays for this Court to:

1. Hold a trial by jury on all issues so triable;
2. Order the defendants to return the Firearms Acquisition and Disposition records that were unlawfully seized and were never returned.
3. Award plaintiff general damages according to proof established at the trial;
4. Award plaintiff compensatory damages for impairment of

reputation, personal humiliation, mental anguish and suffering;

5. Award plaintiff damages for loss of property and loss of use property;

6. Award plaintiff punitive damages for violations of its constitutional rights, and for pain and suffering, and for intentional infliction of emotional distress in such amounts as the jury may deem appropriate to penalize defendants for their intentional, malicious and unlawful acts;

7. Award plaintiff the costs of this action and reasonable attorney's fees as provided by the statute; and

8. Award such other and further relief as the Court may deem proper and just in the premises.

Respectfully Submitted

/S/ Saeid Shafizadeh
Saeid Shafizadeh, Counsel for Plaintiff
P.O. Box 21244
Louisville, Kentucky 40221-0244
Telephone  (502)363-0000

## VERIFICATION

Comes now Steven L. Sumner, individually and as the sole officer of Steve's Gun Shop, Inc., d/b/a Biff's Gun World, and after being first duly cautioned and sworn, states that he has read the foregoing Complaint, and the facts and averments contained therein are true and correct to the best of his knowledge and belief.

_____
Steven L. Sumner

COMMONWEALTH OF KENTUCKY )
                         )
COUNTY OF JEFFERSON      )

SUBSCRIBED AND SWORN to before me, a Notary Public, this 19th day of October, 2012.

_____
NOTARY PUBLIC - STATE AT LARGE
MY COMMISSION EXPIRES: 06-25-2013